UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN H. REDMOND, IV, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:14-cv-00288-TWP-TAB |
| vs. | ) |
| | ) |
| WENDY  KNIGHT Superintendent, | ) |
| T.  PURCELL Assistant Superintendent, | ) |
| OTHER UNKNOWN ACTING AGENTS | ) |
| Individually and in their official capacity, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**Entry Regarding the Status of this Action and Appellate Filing Fees**

**I. Motion for Clarification**

The plaintiff's motion for clarification of entry [Dkt. 27] is **granted** to the extent that the plaintiff is advised of the following. The plaintiff is mistaken that the original complaint was dismissed without prejudice on May 27, 2014. The complaint was dismissed on April 17, 2014 [Dkt. 10]. When the plaintiff failed to file an amended complaint after being given the opportunity to do so, the action was dismissed and final judgment was entered on May 27, 2014. [Dkt. 14]. The effect of this judgment is that it did not prohibit the plaintiff to filing a new civil action based on the same claims.

In the Motion for Clarification of Entry, the "Plaintiff states if the court would not allow his [sic] to re-file the dismissed without prejudice case then plaintiff would like the Notice of Appeal attached, docketed and filed with the 7th Circuit so that he will appeal this case to a higher court." However, the plaintiff was previously instructed that he could raise his claims in a new

civil action. [*See* Dkt. 22].   Refiling a complaint under this case number is not a new civil action.

As per his request, the plaintiff's Notice of Appeal has been processed.

## II. Appellate Filing Fees

The plaintiff seeks leave to proceed on appeal without prepayment of the appellate fees of $505.00. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id*. There is no objectively reasonable argument the plaintiff could present to argue that the disposition of this action was erroneous. In pursuing this untimely appeal, therefore, the plaintiff "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis* [Dkt. 24] must be **denied.**

**IT IS SO ORDERED.**

Date:  6/9/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN H. REDMOND, IV, DOC # 147172
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064